IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER, #1981619, ) <br> (prior Dallas County # 13034945), ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DOUGLAS HUGH SCHOPMEYER, ) <br> et al., ) <br> Defendants. ) | No. 3:18-CV-1589-D(BH) <br><br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Motion for Leave to Attempt to Cure Pleading Deficiencies, By Amending and Adding Defendants to Conform Pleading to Evidence*, filed June 11, 2019 (doc. 18). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On June 19, 2018, Joseph Wayne Hunter (Plaintiff), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed suit under 42 U.S.C. § 1983 against his trial counsel in a state criminal proceeding as well as two public defenders who represented him on appeal. (doc. 2 at 3-5.)[2] He claimed that trial counsel was ineffective and guilty of fraud and aggravated perjury based on an affidavit he provided in Plaintiff's state habeas proceedings. (*Id.* at 3-4.) Plaintiff also claimed that trial counsel violated his Sixth Amendment right to effective counsel, his rights to access the court, his Fifth Amendment right to due process, and his Fourteenth Amendment rights during the state proceedings. (*Id.* at 5.) His appellate lawyers allegedly provided ineffective assistance of counsel by failing to timely file a brief

---

[1] By *Order of Re-Reference* dated August 13, 2019 (doc. 19), this case was re-referred for further consideration and any appropriate proceedings to be completed as part of the process of preliminary screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and failing to investigate the full record, thereby violating his rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 9.) On June 21, 2018, it was recommended that the complaint be dismissed for failure to state a claim because the attorneys were not state actors for purposes of § 1983. (*See* doc. 6.)

On July 3, 2018, Plaintiff amended his complaint in an attempt to cure any pleading deficiencies. (*See* doc. 8.) The filing was liberally construed as a motion for leave to amend, and leave was granted. (*See* doc. 9.) In addition to his initial claims against his state defense attorneys, Plaintiff's amended complaint also expressly asserted claims for negligence and fraud against them. (*See* doc. 8 at 4, 8.)

On July 24, 2018, Plaintiff again sought and received leave to amend his complaint to add as defendants a state court judge, the Dallas County District Attorney (DA), and an Assistant District Attorney (ADA). (*See* docs. 10-12.) He claimed that the state judge and his trial counsel conspired to falsify documents and commit fraud regarding alleged wrongdoing because the state judge allowed his trial counsel to "disobey a direct order from the [Texas] Court of Criminal Appeals" requiring him to respond to allegations of ineffective assistance of counsel. (doc. 12 at 2-4.) He appeared to continue to allege that his trial counsel's response to his claim of ineffective assistance of counsel was false and fraudulent, although he no longer specifically alleged that his trial counsel committed perjury. (*Id*. at 3-4.)³ He claimed that the DA and ADA deliberately recommended denial of his writs of habeas corpus as part of the conspiracy, knowing that the state judge would agree to deny his claims. (*Id*. at 5-6.) He appeared to add claims under 18 U.S.C. §§ 241–42 against

---

³ Although Plaintiff initially states that his trial counsel refused to respond to the claim of ineffective assistance of counsel after being ordered to respond by the Texas Court of Criminal Appeals, he later alleges that his trial counsel responded falsely and fraudulently. (*Id*. at 2-4.)

2

his trial counsel, the state judge, the DA, and the ADA, based on the alleged conspiracy, as well as claims under Articles 2.01 and 2.03 of the Texas Code of Criminal Procedure against the DA and ADA. (*Id.*)

On May 7, 2019, Plaintiff moved for leave to add as new defendants two more ADAs and a presiding juror. (doc. 16.) He appeared to seek to assert claims under § 1983 for violations of his rights to access the court, his Fifth Amendment right to due process, and his Fourteenth Amendment rights, during the state proceedings against all of the defendants except for his appellate lawyers. (*Id*. at 3-10.) He also included a request for injunctive relief. (*Id*. at 17.) In a *Supplemental Findings, Conclusions, and Recommendation* issued on May 17, 2019, it was recommended that Plaintiff's new claims in his live amended complaint be dismissed with prejudice, and that his motions to amend and for injunctive relief be denied as futile. (doc. 17 at 16.)

On June 11, 2019, Plaintiff again moved for leave to amend to add as new defendants a second state court judge, a detective who investigated his alleged involvement in a shooting, a court clerk, and three individuals. (doc. 18 at 2.) He also seeks to add allegations that the second state judge, his trial counsel, and the detective conspired to "interfere with [his] rights and privileges" under the Fourth, Fifth, Sixth, and Fourteenth Amendments and Article 2.03(b). (*Id.* at 2,11.) He continues to allege that his trial counsel was ineffective, is guilty of fraud, and conspired to commit fraud. (*Id*. at 8-9,14.) In addition, he claims that because the "notary of public for the state Ruth Martnez" notarized the alleged fraudulent documents created by his trial counsel, there was state action for purposes of a § 1983 claim. (*Id.*) He appears to add claims under Texas Penal Code §§ 32.46, 37.03, and 37.09, against his trial counsel and the second state judge based on allegedly fraudulent documents that were sent to the Texas Court of Criminal Appeals, and against the

3

detective based on an allegedly fraudulent affidavit that was used to obtain a warrant.  (*See* doc. 18 at 14-16.)  Plaintiff also seeks to add allegations that the ADA violated his constitutional right "not to bear witness against himself under the 5th Amendment" when  she quoted a comment made by him regarding his alleged involvement in a shooting during trial.  (doc. 18 at 6-7.)  He also claims that the DA and that the ADA knowingly concealed exculpatory evidence, and that the DA was involved in a conspiracy to deprive Plaintiff of his constitutional rights. (*Id.* at 6-7,18.)

## II.  MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure to add new defendants and claims.  (*See* doc. 18 at 2.)

Rule 15(a)(1) provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend "should not be denied 'unless there is a *substantial reason* to do so.'" *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (emphasis added) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith

4

or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In the context of a motion for leave to amend, the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

A.  **Second State Judge**

Plaintiff seeks to add a second state judge as a defendant, and he claims the judge conspired with the prosecutors, a detective, and his trial counsel, to violate his constitutional rights. (*See* doc. 18 at 11.) He made similar allegations against the first state court judge he named in his last amended complaint. (*See* doc. 12 at 2-4.) It has already been recommended that his claims against the first state judge be dismissed based on judicial immunity and for failure to state a claim because Plaintiff failed to make any specific allegations regarding how the state judge was involved in a conspiracy to violate his rights, or regarding how she acted outside the scope of her judicial duties or without jurisdiction. (*See* doc. 17 at 6.) For these same reasons, Plaintiff's proposed claims against the second state judge are likewise barred by judicial immunity and for failure to state claim. As noted, "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy . . . is not sufficient to avoid absolute judicial immunity." (*See id.* (quoting *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).) Amendment to add the proposed claims against the second judge would be futile.

5

**B.     Prosecutors**

Plaintiff also seeks to add new allegations against the DA and ADA that they knowingly concealed exculpatory evidence (doc. 18 at 18.) He fails to allege what exculpatory evidence was concealed, however. He again claims that the DA was involved in a conspiracy to deprive him of his constitutional rights, and that the ADA's opening remark quoting Plaintiff regarding his alleged involvement in a shooting was a violation of his Fifth and Fourteenth Amendment rights. (*Id*. at 6-7, 18.) It has already been recommended that Plaintiff's prior claims against the prosecutors be dismissed based on prosecutorial immunity because the actions of which he complains were taken during the course and scope of their duties as prosecutors. (*See* doc. 17 at 7 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).) He also failed to plead any facts in support of his conclusory allegations. (*See id.*) Plaintiff's proposed new allegations are not sufficient to overcome prosecutorial immunity because he still complains of actions taken during the course and scope of their duties. His motion for leave to amend to add new allegations against the DA and ADA should be denied as futile.

**C.     Trial Counsel**

Plaintiff repeats his § 1983 allegations that his trial counsel was involved in a conspiracy with a judge to falsify documents and commit fraud by submitting fraudulent documents to the Court of Criminal Appeals. (*See* doc. 18 at 14.) It has already been recommended that these claims be dismissed for failure to state a claim because Plaintiff failed to allege sufficient facts to plausibly show that his trial counsel conspired or reached an agreement with a judge and was therefore acting under color of state law. (*See* doc. 17 at 7-9 (citing *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).) Plaintiff's proposed amendment does not cure this deficiency, his motion to leave

to amend his complaint as to this claim should also be denied as futile.

**D.     Detective**

Plaintiff appears to seek to add a detective as a defendant, and to assert claims against him, as well as against the judge and his trial counsel, for fraud in violation of Texas Penal Code §§ 37.03, 32.46, and 37.09. (doc. 18 at 14-18.)

The Texas Penal Code does not provide a private right of action. *See Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex.App.—San Antonio 2002, no pet.). Private citizens do not have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Wilson v. State*, 311 S.W.3d 452, 471 (Tex. Crim. App. 2010)(citing *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981)). Because the Texas Penal Code does not provide a private cause of action, Plaintiff's motion for leave to amend to add claims under Texas Penal Code §§ 32.46, 37.03, and 37.09 against current and new defendants should be denied as futile. *See Tummel v. Milane*, No. 7:18-CV-339, 2019 WL 366708, at *7 (S.D. Tex. Jan. 30, 2019), *aff'd*, 787 F. App'x 226 (5th Cir. 2019).

**E.     Clerk/Individuals**

Finally, although Plaintiff seeks to have the court clerk and individuals "appear and answer" his complaint, he makes no allegations against them. (*See* doc. 18 at 20.) Accordingly, to the extent that he seeks leave to amend his complaint to add them as defendants, he has failed to state any claim against them, so amendment would be futile.

## VI.  RECOMMENDATION

Plaintiff's motion for leave to amend his complaint should be **DENIED** as futile.

7

**SO RECOMMENDED** this 31st day of January, 2020.

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 day after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE