IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER, #1981619,  )<br>    (prior Dallas County # 13034945),  )<br>        Plaintiff,  )<br>vs.  )<br>  )<br>DOUGLAS HUGH SCHOPMEYER,  )<br>et al.,  )<br>        Defendants.  ) | No. 3:18-CV-1589-D(BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Motion for Leave to File 59(e) and Motion for Reconsideration*, filed March 17, 2020 (doc. 23). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On June 19, 2018, Joseph Wayne Hunter (Plaintiff), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed suit under 42 U.S.C. § 1983 against his trial counsel in a state criminal proceeding as well as two public defenders who represented him on appeal. (doc. 2 at 3-5.)[2] He claimed violations of his Sixth Amendment right to effective counsel, his right to access the court, his Fifth Amendment right to due process, and his Fourteenth Amendment rights during the state proceedings. (*Id.* at 3-5.) On June 21, 2018, it was recommended that the complaint be dismissed for failure to state a claim because the attorneys were not state actors for purposes of § 1983. (*See* doc. 6.)

On July 3, 2018, Plaintiff filed a first amended complaint that was liberally construed as a

---

[1] By *Order of Re-Reference* dated August 13, 2019 (doc. 19), this case was re-referred for further consideration and any appropriate proceedings to be completed as part of the process of preliminary screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

motion for leave to amend, and leave was granted. (*See* docs. 8;9.) In addition to his initial claims against his state defense attorneys, the amended complaint also expressly asserted claims for negligence and fraud against them. (*See* doc. 8 at 4, 8.)

On July 24, 2018, Plaintiff again sought and received leave to amend his complaint to add as defendants a state court judge, the Dallas County District Attorney (DA), and an Assistant District Attorney (ADA). (*See* docs. 10-12.) He alleged a conspiracy to falsify documents, conspiracy to commit fraud, ineffective assistance of counsel, and he appeared to add claims under 18 U.S.C. §§ 241–42, as well as claims under Articles 2.01 and 2.03 of the Texas Code of Criminal Procedure against the DA and ADA. (*Id*. at 2-4.)[3]

On May 7, 2019, Plaintiff moved for leave to add as new defendants two more ADAs and a presiding juror. (doc. 16.) He again asserted claims under § 1983 for violations of his rights to access the court, his Fifth Amendment right to due process, and his Fourteenth Amendment rights, during the state proceedings against all of the defendants except for his appellate lawyers. (*Id*. at 3-10.) He also included a request for injunctive relief. (*Id*. at 17.) In a *Supplemental Findings, Conclusions, and Recommendation* issued on May 17, 2019, it was recommended that Plaintiff's new claims in his live amended complaint be dismissed with prejudice, and that his motions to amend and for injunctive relief be denied as futile. (doc. 17 at 16.)

On June 11, 2019, Plaintiff again moved for leave to amend to add as new defendants a second state court judge, a detective who investigated his alleged involvement in a shooting, a court clerk, and three individuals. (doc. 18 at 2.) He again alleged violations of his Fourth, Fifth, Sixth,

---

[3] Although Plaintiff initially states that his trial counsel refused to respond to the claim of ineffective assistance of counsel after being ordered to respond by the Texas Court of Criminal Appeals, he later alleges that his trial counsel responded falsely and fraudulently. (*Id*. at 2-4.)

and Fourteenth Amendments. (*Id.* at 2,11.) He continued to allege that his trial counsel was ineffective and guilty of fraud and conspiracy to commit fraud. (*Id*. at 8-9,14.) He appeared to add claims under Texas Penal Code §§ 32.46, 37.03, and 37.09, against his trial counsel and the second state judge based on allegedly fraudulent documents that were sent to the Texas Court of Criminal Appeals, and against the detective based on an allegedly fraudulent affidavit that was used to obtain a warrant. (*See* doc. 18 at 14-16.) Plaintiff also sought to add allegations that the ADA violated his constitutional right "not to bear witness against himself under the 5th Amendment" when she quoted a comment made by him regarding his alleged involvement in a shooting during trial. (*Id.* at 6-7.) He also claimed that the DA and that the ADA knowingly concealed exculpatory evidence, and that the DA was involved in a conspiracy to deprive Plaintiff of his constitutional rights. (*Id.* at 6-7,18.) On January 31, 2020, it was recommended Plaintiff's motion for leave to amend be denied as futile. (doc. 20.) Plaintiff's motion was denied and judgment was entered against him on February 25, 2020. (docs. 21;22.)

On March 17, 2020, Plaintiff moved for leave to file a motion under Fed. R. Civ. P. 59(e) and a motion for reconsideration. (doc. 23.) He seeks to amend or alter the judgment on the basis that the "counsel proceedings was contrary to law based on an unreasonable determination of facts in light of the proceedings." (*Id.* at 10.) Plaintiff repeats his allegations that had the ADA "not been allowed to continue with the improper comment" regarding his alleged participation in a shooting and had his defense counsel's objection to the comment not been overruled, "the outcome of the [trial] proceedings would have been different." (*Id*. at 5.) He again alleges that exculpatory evidence was withheld at his trial, that his trial counsel provided fraudulent documents to the court, that his trial counsel had a conflict of interest, and that the outcome of his trial proceedings would have been

3

different had the bullet from the alleged shooting been recovered from the victim's arm. (*Id*. at 5,7,9.) Plaintiff claims that he has "a due process right to access the evidence used against him in order [to] subject it to DNA testing," and that had the evidence been available, the outcome of his habeas proceedings would have been different. (*See id.* at 9-10.)

## II.  MOTION FOR ALTER OR AMEND

Plaintiff challenges the final judgment of this case under Federal Rule of Civil Procedure 59(e), arguing that the "proceedings [were] contrary to law based on an unreasonable determination of facts in light of the proceedings." (*See* doc. 23 at 2,10.)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff's motion only reasserts his previous arguments that if the prosecutors had "not been allowed to continue with the improper comment," his defense counsel's objection had not be

4

overruled, and excluded evidence been available at trial, the outcome of the trial proceedings would have been different. (*Id.* at 5-7.) He argues that he has "a due process right to access the evidence used against him in order [to] subject it to DNA testing." (*Id.* at 9.) He also argues that "had the bullet that was lodge[d] in the victim's outer arm with no exit wound" been recovered it would have changed the outcome of his trial proceedings. (*Id.* at 7.) He previously asserted these same arguments in his motion for leave to amend. (*See* doc. 18 at 8-11.)

Other than his own opinion that the outcome of his proceedings would have been different, Plaintiff's provides no basis to support his motion for reconsideration. He fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. Because he has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case, Plaintiff's motion should be denied.

### III.  RECOMMENDATION

Plaintiff's motion to alter or amend the judgment under Rule 59(e) should be **DENIED**.

**SO RECOMMENDED** this 27th day of March, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 day after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE